EAG:MKM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    -against-

KENROD SINGH and
KENSON SINGH,

        Defendants.

- - - - - - - - - - - - - - - - - -X

**12 M 636**

SEALED AFFIDAVIT
IN SUPPORT OF
ARREST WARRANTS

(T. 18, U.S.C.,
§§ 1512(k) and 2)

EASTERN DISTRICT OF NEW YORK:

    ANDREW KAPPAUF, being duly sworn, deposes and says that he is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), duly appointed according to law and acting as such.

    On or about June 27, 2012, within the Eastern District of Pennsylvania and elsewhere, the defendants KENROD SINGH and KENSON SINGH, together with others, did knowingly and intentionally attempt to intimidate, threaten and corruptly persuade another person, with intent to influence, delay, and prevent the testimony of a person in an official proceeding, to wit: the prosecution of Jared K. Singh in <u>United States v. Jared K. Singh</u>, 12-CR-121 (DLI) (E.D.N.Y), contrary to Title 18, United States Code, Section 1512(b)(1).

    (Title 18, United States Code, Sections 1512(k) and 2)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I have been a special agent with the HSI for approximately four years. The facts set forth below are based on my personal observations, information from confidential sources, my discussions with other law enforcement officers and my review of documents and other evidence.

2. On February 14, 2012, a grand jury in the Eastern District of New York returned a one-count indictment charging Jared K. Singh and Auria Torres with conspiracy to import cocaine, contrary to Title 21, United States Code, Sections 952(a) and 960(a)(1). The indictment in <u>United States v. Jared K. Singh and Auria Torres</u>, 12-CR-121 (DLI), is attached hereto as Exhibit A and incorporated by reference.

3. On May 2, 2012, defendant Auria Torres pleaded guilty to the sole count in the indictment before United States Magistrate Judge Viktor V. Pohorelsky. On June 19, 2012, United States District Judge Dora Irizarry accepted Auria Torres' plea of guilty. The trial against Jared K. Singh is set for October 9, 2012 before Judge Irizarry.

---

[1] Because the purpose of this affidavit is only to state the probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware related to this investigation. Unless indicated otherwise, all conversations and statements reported in this affidavit are described in substance and in part.

4. On June 27, 2012, the defendant KENROD SINGH contacted Auria Torres by telephone and Auria Torres agreed to meet the defendant KENROD SINGH later that day at a specified location in Philadelphia, Pennsylvania. When Auria Torres arrived at the specified location for the meeting, she was met by the defendants KENROD SINGH and KENSON SINGH. Both defendants were present for and participated in the meeting that followed.

5. Auria Torres has provided the following information about the June 27, 2012 meeting as part of her cooperation with the government, for which she hopes to receive leniency at sentencing.

 a. The defendant KENROD SINGH is the cousin of Jared K. Singh. The defendant KENSON SINGH is the brother of the defendant Jared K. Singh and lives in the same house with him.

 b. During the meeting on June 27, 2012 between the defendants KENROD SINGH and KENSON SINGH, and Auria Torres, the defendant KENROD SINGH asked Auria Torres, in sum and substance and in part, whether she was planning to attend an upcoming court appearance in her case. When she indicated that she was not going to attend, the defendant KENROD SINGH asked

Auria Torres why she did not have to be at the court appearance when Jared K. Singh was obligated to attend.

   c. KENROD SINGH further indicated to Auria Torres, in sum and substance and in part, that he would provide her with a house, pay for an attorney, and provide other benefits if she would implicate an individual other than Jared K. Singh in the conspiracy to which she had pleaded guilty. KENROD SINGH further indicated that if Auria Torres implicated an individual other than Jared K. Singh in the conspiracy to which she pleaded guilty, then Jared K. Singh would not be deported. KENROD SINGH further stated that Jared K. Singh would give Auria Torres whatever she wants.

   d. Thereafter, KENSON SINGH indicated, in sum and substance and in part, that he was concerned about the effect of the case on his and Jared K. Singh's mother. Auria Torres understood this, and the other statements above, to be an attempt to influence, delay and prevent her anticipated testimony against Jared K. Singh.

   6. Auria Torres' description of the June 27, 2012 meeting set forth in paragraph 5 is corroborated by an audio recording of part of the meeting.

WHEREFORE, your deponent respectfully requests that arrest warrants be issued for the defendants KENROD SINGH and KENSON SINH so that they may be dealt with according to law.

Because this investigation is ongoing, and in light of the nature of this Complaint and to avoid the flight and further obstruction by the defendants, it is further respectfully requested that this Complaint and arrest warrants be ordered sealed until further notice.

_____
ANDREW KAPPAUF
Special Agent
Department of Homeland Security
Homeland Security Investigations

Sworn to before me on
3rd day of July, 2012

;E

BWB:MKM
F.#2012R00080
F.#2012R00090

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ FEB 14 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

JARED K. SINGH and
AURIA TORRES,

        Defendants.

- - - - - - - - - - - - - - - - -X

INDICTMENT
Cr. No. **CR12-121**
(T. 21, U.S.C., §§
960(a)(1),
960(b)(2)(B)(ii) and 963;
T. 18, U.S.C.,
§§ 3551 et seq.)

IRIZARRY, J.

POHORELSKY, M.J.

THE GRAND JURY CHARGES:

<u>CONSPIRACY TO IMPORT COCAINE</u>

    On or about and between January 16, 2012 and January 17, 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JARED K. SINGH and AURIA TORRES, together with others, did knowingly and intentionally conspire to import a controlled substance into the United States from a place outside thereof, which offense involved 500 grams or more of a substance containing cocaine, a

2

Schedule II controlled substance, contrary to Title 21, United States Code, Section 952(a) and 960(a)(1).

(Title 21, United States Code, Sections 963, 960(a)(1) and 960(b)(2)(B)(ii); Title 18, United States Code, Sections 3551 et seq.)

A TRUE BILL

_____
FOREPERSON

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

By: _____
Assistant U.S. Attorney

F.#2012R00080 and 2012R00090
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

vs.

*JARED K. SINGH and AURIA TORRES,*

Defendants.

## INDICTMENT

(T. 21, U.S.C., §§ 960(a)(1), 960(b)(2)(B)(ii) and 963;
T. 18, U.S.C., §§ 3551 et seq.)

*A true bill.*

_____
Foreman

*Filed in open court this _____ day, of _____ A.D. 20 ____*

_____
Clerk

Bail, $ _____

_____

*M. Kristin Mace, Assistant U.S. Attorney (718-254-6879)*